**RECORD NO. 13-4576**

In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

**v.**

## JOHN STUART DOWELL,

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT HARRISONBURG**

_____

**BRIEF OF APPELLANT**

_____

R. Darren Bostic
BOSTIC & BOSTIC, PC
409 Virginia Avenue
Harrisonburg, Virginia 22802
(540) 432-1119

*Counsel for Appellant*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF JURISDICTION....................................................1

SUMMARY OF ISSUES ...................................................................1

STATEMENT OF CASE ...................................................................2

STATEMENT OF FACTS .................................................................3

SUMMARY OF ARGUMENT ..........................................................6

STANDARD OF REVIEW ................................................................7

ARGUMENT ....................................................................................8

STANDARD OF REVIEW FOR ARGUMENTS II, III, AND IV.......................14

ARGUMENT II ................................................................................15

ARGUMENT III ..............................................................................20

ARGUMENT IV...............................................................................21

CONCLUSION.................................................................................24

REQUEST FOR ORAL ARGUMENT ................................................25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

TABLE OF AUTHORITIES

Page(s)

CASES

*Gall v. United States*,
  552 U.S. 38, 128 S. Ct. 586 (2007) .........................................................7, 14

*Graham v. Florida*,
  __ U.S. __, 130 S. Ct. 2011 (2010) ................................................................9

*Solem v. Helm*,
  463 U.S. 277, 103 S. Ct. 3001 (1983) ..........................................9, 10, 12, 13

*United States v. Alvarado-Perez*,
  609 F.3d 609 (4th Cir. 2010) ................................................................. 7-8, 15

*United States v. Booker*,
  125 S. Ct. 738 (2005).....................................................................................15

*United States v. Crandon*,
  173 F.3d 122 (3d Cir. 1999) ..........................................................18, 19, 20

*United States v. Daughtrey*,
  874 F.2d 213 (4th Cir. 1989) ....................................................................8, 15

*United States v. Evans*,
  526 F.3d 155 (4th Cir. 2008) ....................................................................7, 14

*United States v. Hudson*,
  272 F.3d 260 (4th Cir. 2001) ....................................................................8, 15

*United States v. Irey*,
  612 F.3d 1160 (11th Cir. 2010) .............................................................19, 20

*United States v. Jenkins*,
  712 F.3d 209 (5th Cir. 2013) .......................................................................22

*United States v. Malloy*,
    568 F.3d 166 (4th Cir. 2009) ........................................................7, 8

*United States v. Myers*,
    280 F.3d 407 (4th Cir. 2002) .......................................................7

*United States v. Rhodes*,
    779 F.2d 1019 (1985) ...................................................................9

*United States v. Whitehead*,
    849 F.2d 849 (1988) .....................................................................8

CONSTITUTIONAL PROVISION

U.S. CONST. amend. VIII ..................................................................*passim*

STATUTES

18 U.S.C. § 32 ...................................................................................11

18 U.S.C. § 36 ...................................................................................11

18 U.S.C. § 37 ...................................................................................11

18 U.S.C. § 114 .................................................................................11

18 U.S.C. § 116 .................................................................................11

18 U.S.C. § 231(a)(1) ........................................................................11

18 U.S.C. § 552 .................................................................................11

18 U.S.C. § 793 .................................................................................11

18 U.S.C. § 842 .................................................................................11

18 U.S.C. § 871 .................................................................................11

18 U.S.C. § 1112 ...............................................................................11

18 U.S.C. § 1581 ......................................................................11

18 U.S.C. § 1589 ......................................................................11

18 U.S.C. § 1951 ......................................................................12

18 U.S.C. § 2113 ......................................................................12

18 U.S.C. § 2192 ......................................................................12

18 U.S.C. § 2232(a) ..................................................................12

18 U.S.C. § 2251 ......................................................................21

18 U.S.C. § 2251(a) ...............................................................2, 3

18 U.S.C. § 2251(e) ...............................................................2, 3

18 U.S.C. § 2252 ......................................................................21

18 U.S.C. § 2252(a)(1) ...........................................................2, 3

18 U.S.C. § 2252(b)(1) ...........................................................2, 3

18 U.S.C. § 2291 ......................................................................12

18 U.S.C. § 2339A ...................................................................12

18 U.S.C. § 2441 ......................................................................12

18 U.S.C. § 3231 ........................................................................1

18 U.S.C. § 3553 ............................................................1, 6, 15

18 U.S.C. § 3553(a) .........................................7, 15, 16, 19

18 U.S.C. § 3553(a)(2) ...........................................................17

18 U.S.C. § 3553(a)(6) ...........................................................18

18 U.S.C. § 3742 .......................................................................................1

28 U.S.C. § 1291 .......................................................................................1

GUIDELINES

U.S.S.G. § 2G2(b)(3)(F) ...........................................................................5

U.S.S.G. § 2G2.1 ......................................................................................21

U.S.S.G. § 2G2.1(b)(1)(A).................................................................*passim*

U.S.S.G. § 2G2.2 ......................................................................................21

U.S.S.G. § 2G2.2(b)(2) ......................................................................*passim*

U.S.S.G. § 2G2.2(b)(5) .............................................................1, 5, 6, 20

U.S.S.G. § 3A1.1(b)....................................................................................5

U.S.S.G. § 3A1.1(b)(1) ......................................................................*passim*

U.S.S.G. § 4B1.5(b)(1) .........................................................................5, 20

U.S.S.G. § 4B2.5(5)(1) ..........................................................................1, 6

U.S.S.G. 3A Application Note 2.............................................................23

OTHER AUTHORITIES

http://www.ussc.gov/Data_and_Statistics/Federal_
Sentencing_Statistics/State_District_Circuit/2012/index.cfm..........13, 14

Valerie Wright, *Deterrence in Criminal Justice:*
*Evaluating Certainty vs. Severity of Punishment*,
THE SENTENCING PROJECT (Nov. 2010) ........................................17

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over this federal criminal case pursuant to

18 U.S.C. § 3231.  This appeal is from the final judgment of the district court

entered on July 25, 2013 (J.A. 1 324) and an Amended Final Judgment of the

district court entered on October 30, 2013. (J.A. 1 324A)  Notice of Appeal was

filed on August 1, 2013. (J.A. 1 332)  Jurisdiction is based on 28 U.S.C. § 1291

and 18 U.S.C. § 3742.  (references to the Joint Appendix are denoted as

"J.A. _____")

## SUMMARY OF ISSUES

I.  WHETHER THE IMPOSITION OF A 960 MONTHS (80 YEAR) SENTENCE UNDER THE CHILD PORNOGRAPHY SENTENCING GUIDELINES ON A DEFENDANT WITH NO PRIOR CRIMINAL HISTORY VIOLATES THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION?

II.  WHETHER THE IMPOSTION OF A 960 MONTH (80 YEARS) SENTENCE UNDER THE CHILD PORNOGRAPHY SENTENCING GUIDELINES ON A DEFENDANT WITH NO PRIOR CRIMINAL HISTORY FAILS TO COMPLY WITH THE OBJECTIVES OF THE FEDERAL SENTENCING STATUTE UNDER 18 U.S.C. § 3553?

III.  WHETHER THE IMPOSITION OF A 5 POINT ENHANCEMENT FOR ENGAGING IN A PATTERN OF ACTIVITY OF SEXUAL ABUSE UNDER SECTION 2G2.2(b)(5) OF THE UNITED STATES SENTENCING GUIDELINES AND AN ADDITIONAL 5 POINT ENHANCEMENT UNDER SECTION 4B2.5(5)(1) CONSTITUTES IMPERMISSIBLE DOUBLE COUNTING UNDER THE GUIDELINES?

IV.   WHETHER THE IMPOSITION OF A 2 POINT ENHANCEMENT FOR A "VULNERABLE VICTIM" UNDER SECTION 3A1.1(b)(1) OF THE UNITED STATES SENTENCING GUIDELINES IS IMPERMISSIBLE WHEN A 4 POINT ENHANCEMENTN HAS ALREADY BEEN APPLIED ON COUNTS 1 THROUGH 10 UNDER SECTION 2G2.1(b)(1)(A) AND A 2 POINT ENHANCEMENT HAS ALREADY BEEN APPLIED FOR COUNT 13 UNDER SECTION 2G2.2(b)(2)?

## STATEMENT OF CASE

John Stuart Dowell was indicted on December 11, 2011 for Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e).  He was subsequently indicted on April 25, 2012 by a Superseding Indictment charging 12 counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a) and (e) and 1 count of Transportation of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1).  Counts 1 through 10 charged Production of Child Pornography involving Minor "A".  Counts 11 and 12 charged Production of Child Pornography involving Minor "B".  Count 13 charged Transportation of Child Pornography.  On October 3, 2012, Mr. Dowell entered a plea of guilty to each count in the Indictment and the preparation of a Presentence Report was Ordered.  On July 18, 2013, The Honorable Michael Urbanski sentenced Mr. Dowell to 960 months in prison as well as a variety of other conditions set forth in the Sentencing Order.

## STATEMENT OF FACTS

John Stuart Dowel was charged under a superseding indictment on April 25, 2012.  He subsequently entered a plea of guilty to 12 counts of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e) and to 12 count of transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1).  Mr. Dowell entered a plea of guilty to each count in the indictment on October 3, 2012.  A Presentence Report was Ordered and Objections to the Presentence Report were filed by both the government and the defendant and such objections were incorporated into the Presentence Report. (J.A. 2 359-361)   At the end of the sentencing hearing, the Honorable Judge Michael Urbanski sentenced Mr. Dowell to a total sentence of 960 months (80 years) in prison. (J.A. 2 324-331)

In late 2010 and early 2011, the defendant, John Stuart Dowell, stayed at a residence in Frederick County, Virginia, where two young females, ages 3 and 5 respectively, lived.  Other family members resided there as well. (J.A. 2 336) While residing at the residence, Mr. Dowell recorded a number of videos that depicted him having sexual contact with the 3 year old female and also recorded several videos of the genitals of the 5 year old female.  (J.A. 2 336)  Mr. Dowell had downloaded these videos to his computer.

In August 2011, the Bureau of Immigration and Customs Enforcement (ICE) was notified by Interpol that Danish Law Enforcement had downloaded sexually

explicit video clips depicting an adult male and a young female. (J.A. 2 336)  At
approximately the same time frame, a relative of Mr. Dowell who resided in
Florida turned over a copy of at least some of the same video clips to the Federal
Bureau of Investigation (FBI) and the relative identified the adult male in the video
clips as Mr. Dowell. (J.A. 2 336-337)  An arrest warrant had already been obtained
under the name "John Doe" and on October 26, 2011, Mr. Dowell was arrested at
his residence in California. (J.A. 2 337)

The computer forensic examiner performed an examination of the computers
found in Mr. Dowell's residence and determined that there were over 78,000 visual
depictions and 893 videos on the computers. (J.A. 2 337)  A review of the videos
showed a depiction of the 3 year old female involved in sex acts with Mr. Dowell.
Various videos showed Mr. Dowell touching the stomach of the 3 year old female
and included Mr. Dowell touching the 3 year old female in the genital area, as well
as licking and kissing her vaginal and anus. (J.A. 2 337)

The metadata from the videos was examined and it was determined that the
videos were taken on various dates and times thus resulting in separate counts in
the indictment.  (J.A. 2 337)  This evidence was presented in the Presentence
Report and the Stipulation of Facts.

At sentencing, a number of objections were made and addressed by the
Court.  The Presentence Report had applied a 2 point increase for the "Vulnerable

victim" enhancement under U.S.S.G. Section 3A1.1(b) for counts 1 through 10 and

count 13. (J.A. 2 340, 341, 342, 343, 344, 345, 346 and 348)  The defendant

objected to the vulnerable victim enhancement. (J.A. 1 173)

Also at sentencing, the defendant objected to the multiple counts of

guidelines points under Section 2G2.2(b)(5) and Section 4B1.5(b)(1) of the United

States Sentencing Guidelines. (J.A. 2 361)  The Court found that due to the

respective sections addressing different purposes and are meant to be applied

cumulatively and therefore overruled the objection and applied the enhancements

from both sections. (J.A. 1 176-177)

The probation officer had also applied a 2 point enhancement for distribution

of child pornography under U.S.S.G. Section 2G2(b)(3)(F).  It was determined that

there were a number of individual videos that were found on Mr. Dowell's

computer.  At the sentencing proceeding, James Fottrell, the government's

computer forensic expert, testified that the file names for those videos were

001.AVI, 002.AVI, 003.AVI, 004.AVI, 005.AVI, 006.AVI and 007.AVI.  (J.A. 1

119)  Mr. Fottrell further testified that the file name of the compilation video that

was turned over to the FBI by the relative of Mr. Dowell had a different filename

than the individual videos. (J.A. 1 119)  James Fottrell further testified that the file

name of the compilation video had a file name of "file name.wmv". (J.A. 1 119)

Based upon that evidence, the Court declined to apply the distribution enhancement stating that the United States had failed to prove that Mr. Dowell had uploaded any videos to the internet. (J.A. 1 174-175)

## SUMMARY OF ARGUMENT

| | |
|---|---|
| Argument I | John Stuart Dowell was sentence to a term of 960 months or 80 years by the Honorable Judge Michael Urbanski. Mr. Dowell has no prior criminal history whatever. The Eighth Amendment to the United States Constitution prohibits sentencing a person to such an extent that it constitutes cruel and unusual punishment. The appellant submits that a sentence of 960 months or 80 years for a person with absolutely no prior criminal history constitutes cruel and unusual punishment under the Eighth Amendment. |
| Argument II | 18 U.S.C. § 3553 sets forth the factors that a sentencing Judge is required to consider prior to issuing a sentence for a crime. The factors set forth in § 3553 provide the basis for a sentence that is reasonable. The appellant contends that a sentence of 960 months or 80 years is not a reasonable sentence taking into account all the factors of § 3553. |
| Argument III | The Court applied a double counting technique which increased the guidelines calculation by a 5 points § 2G2.2(b)(5) and an additional 5 points under § 4B2.5(5)(1) thereby giving a cumulative point increase in the Base Offense Level a total 10 point enhancement. The Appellant submits that the Court should review the double counting technique to obtain a reasonable calculation of the United States Sentencing Guidelines. |

Argument IV          The district court applied a 4 point enhancement under
                     § 2G2.1(b)(1)(A) for Counts 1 through 10 of the Indictment and
                     a 2 point enhancement under § 2G2.2(b)(2).  The Court went on
                     to apply an additional enhancement for the victim being a
                     "vulnerable victim" under § 3A1.1(b)(1).  The Application
                     Notes specifically do not allow application of the "vulnerable
                     victim" enhancement where an enhancement has already been
                     provided for in Section 2 of the guidelines.  The appellant
                     submits that it was error to apply both enhancements.

STANDARD OF REVIEW

Whether a sentence is constitutionally proportional under the Eighth

Amendment is reviewed *de novo*.  *U.S. v. Myers*, 280 F.3d 407, 416 (4th Cir. 2002)

A threshold question, whether proportionality review is available for sentences

other than life imprisonment, is a question of law because it seeks to determine the

availability of a constitutional right.  Therefore, it is also reviewed *de novo*. See

*U.S. v. Malloy*, 568 F.3d 166, 180 (4th Cir. 2009)(citing *U.S. v. Myers*, 280 F.3d

407, 416 (4th Cir. 2002)

The reasonableness of a sentence is reviewed under the abuse of discretion

standard regardless of whether the sentence imposed is inside or outside the

guideline range. *Gall v. U.S.*, 552 U.S. 38 (2007); *U.S. v. Evans*, 526 F.3d 155, 161

(4th Cir. 2008).  The mandate of the district court is to "impose a sentence

sufficient, but not greater than necessary to comply with the purposes" of

sentencing. Section 18 U.S.C. § 3553(a).  In evaluating challenges to a sentence,

this Court reviews the district court's factual findings for "clear error". *U.S. v.*

7

*Alvarado-Perez*, 609 F.3d 609, 612 (4th Cir. 2010)  In *U.S. v. Hudson*, 272 F.3d

260, 263 (4th Cir. 2001) the Court states, "We review the district court's factual

findings for clear error, but if the issue on review 'turns primarily on the legal

interpretation of a guideline term, . . . the standard moves closer to *de novo*

review.'"  Quoting *U.S. v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989)

ARGUMENT

The Imposition of a Sentence of 960 months or 80 years, constitutes cruel

and unusual punishment and violates the Eighth Amendment to the U.S.

Constitution.

This Court has held that proportionality review under the Eighth

Amendments cruel and unusual punishment clause is not available to any sentence

that is less than life in prison without parole.  *Malloy*, 568 F.3d at 180.

(proportionality review of 15 year child pornography sentence unavailable) *U.S. v.*

*Whitehead*, 849 F.2d 849, 860 (1988).  This Court should review Mr. Dowell's

sentence under the proportionality review standard as a result of the fact that his

sentence would place him at 127 years old if released from prison.

Mr. Dowell's 80 year (960 month) federal prison sentence will keep him in

prison for the rest of his life. Such a lengthy, parole ineligible sentence runs afoul

of the principle that life sentences should not be imposed lightly, unreviewably, or

for other than life-punishable offenses, as it represents courts' "making the

judgment at the outset" that a defendant "never will be fit to reenter society." *Graham v. Florida*, 130 S. Ct. 2011, 2030 (2010). Furthermore, it deprives Mr. Dowell of "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.*

The Court sentenced Mr. Dowell to a term of 80 years in prison. The defense submits that this constitutes, for all intents and purposes, a life sentence for Mr. Dowell and is eligible for this Courts proportionality review. Judge Michael Urbanski found that a sentence of 80 years (960 months) was a "life" sentence as such a sentence would give Mr. Dowell a sentence where he would not be eligible for release until he was approximately 127 years old. (J.A. 1 315) As the sentence is unquestionably a life sentence, proportionality review is appropriate.

In *U.S. v. Rhodes*, 779 F.2d 1019 (4th Cir. 1985), the defendant was charged with multiple counts of marijuana distribution. He received a total sentence of 50 years. Rhodes argued that his sentence was a de facto life sentence without the probability of parole under *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001 (1983) *Rhodes* at 1026.

In *Solem v. Helm*, "the Supreme Court declared unconstitutional a sentence of life imprisonment without the possibility of parole and, in so doing, set forth a three-part test involving 'objective factors' to use in reviewing the proportionality of sentences under the Eighth Amendment." 463 U.S. at 290-303.

The factors set forth by the Supreme Court are: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem*, 463 U.S. at 292.

In reviewing the gravity of the offense, there are several hallmarks that the Court should consider. Was there violence involved in the instant offenses? The appellant does concede that what he did was a horrible act against a very young child; however, the child was never placed in any danger. She was not physically injured in any way, shape, or form. Although there was touching, kissing and licking of the vaginal and anus, there was never any penetration of the vagina or anus. Was Mr. Dowell attempting to promote violence through his actions? The answer is an emphatic no. Mr. Dowell, in fact, never promoted violence against anyone.

In reviewing the first element set forth in *Solem*, the appellant submits that the sentence of 960 months or 80 years is grossly disproportionate to the crimes he committed. As the Court looks at the record and with no violent acts is grossly disproportionate to the crime.

The second and third factors set forth in *Solem* deal with similar crimes in other jurisdictions and sentences for other crimes in the same jurisdiction. The first inquiry yields remarkable results concerning sentences with the jurisdiction

10

for other crimes and the potential sentences for other crimes.  What is notable is

that many more heinous crimes than that which the appellant was convicted carry

no mandatory minimum sentence.  The chart below shows just how extreme the

guidelines are for child pornography offenses.

| CODE SECTION | TITLE OF OFFENSE | SENTENCE RANGE |
|---|---|---|
| 18 U.S.C. § 32 | Placing destructive device on airplane | 0-20 |
| 18 U.S.C. § 36 | Firing Weapon into group in further of or to escape detection of a major drug offense | 0-20 |
| 18 U.S.C. § 37 | Destroying an Airport | 0-20 |
| 18 U.S.C. § 114 | Cutting out eye or tongue with intent to torture | 0-20 |
| 18 U.S.C. § 116 | Mutilating female genitals of person under age 18 | 0-5 |
| 18 U.S.C. § 231(a)(1) | Impeding Firemen during Civil Disorder | 0-5 |
| 18 U.S.C. § 552 | US Officer aiding importation of obscene or treasonous material | 0-10 |
| 18 U.S.C. § 793 | Taking material respecting national defense with intent to injure the United States | 0-10 |
| 18 U.S.C. § 842 | Distributing explosives to a fugitive | 0-10 |
| 18 U.S.C. § 871 | Threatening the President | 0-5 |
| 18 U.S.C. § 1112 | Involuntary Manslaughter | 0-15 |
| 18 U.S.C. § 1581 | Sale of another into involuntary servitude | 0-20 |
| 18 U.S.C. § 1589 | Obtaining the labor of another by threats of serious harm | 0-20 |

| 18 U.S.C. § 1951 | Obstructing commerce by robbery, extortion, or committing violence | 0-20 |
|---|---|---|
| 18 U.S.C. § 2113 | Bank Robbery | 0-20 |
| 18 U.S.C. § 2192 | Inciting Mutiny | 0-5 |
| 18 U.S.C. § 2291 | Setting fire or destroying a maritime facility or performing an act of violence near a passenger vessel | 0-20 |
| 18 U.S.C. § 2232(a) | Using weapons of mass destruction | 0-Life |
| 18 U.S.C. § 2339A | Providing material support to terrorists | 0-15 |
| 18 U.S.C. § 2441 | War crimes, including torture, biological experimentation, mutilation or rape | 0-Life |

Although genocide, child genital mutilation and war crimes carry available sentences less than production of child pornography, a serious question is raised by the mandate of minimum sentences set forth in child pornography production and transportation cases. In this case, the district determined that the applicable guideline range of 960 months or 80 years was appropriate. With the appellant being 47 at the time of sentencing, the term effectively is life in prison as Mr. Dowell would only be eligible for release when he is 127 years old. The appellant submits that this constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

In addressing the second element set forth in *Solem* does indicate the grossly disproportionate nature of an 80 year or 960 month sentence. The national average

12

sentence for child pornography crimes is 132 months. The specific statistics were in the 4th Circuit statistical analysis. The median child pornography sentence was 92 months. The total number of cases was 1,972. http://www.ussc.gov/Data_and_ Statistics/Federal_Sentencing_Statistics/State_District_Circuit/2012/index.cfm

It is apparent that Mr. Dowell's' sentence of 80 years or 960 months was over seven (7) times the national average sentence for child pornography sentences. It is over ten (10) times as long as the national median for child pornography sentences.

Although the facts in Mr. Dowell's case may indicate that a sentence above the national average, counsel submits that a sentence of more than seven (7) times the national average is grossly disproportionate.

In reviewing the third element of *Solem*, it is also apparent that the sentence of Mr. Dowell was excessive and grossly disproportionate. Below is a list of the top ten (10) sentence averages including the types of crimes and the number of cases in the 4th Circuit.

| CHARGE | AVERAGE SENTENCE | # OF PEOPLE CHARGED |
|---|---|---|
| Kidnapping/hostage taking | 389 months | 4 |
| Murder | 253 months | 9 |
| National Defense | 187 months | 8 |
| Sexual abuse | 146 months | 33 |
| Child pornography | 124 months | 200 |
| Firearms | 117 months | 1028 |
| Robbery | 101 months | 80 |

13

| Arson | 96 months | 7 |
|---|---|---|
| Drug Trafficking | 96 months | 2,084 |
| Racketeering/Extortion | 89 months | 117 |

http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/State_District_Circuit/2012/index.cfm

It is shockingly apparent from looking at the average of the most serious crimes for 2012 in the 4th Circuit that child pornography sentences are among the highest average sentences. It is also shockingly apparent that the appellant's sentence of 960 months is grossly disproportionate to the absolute worst crimes that exist. Mr. Dowell's sentence is almost two (2) and a half times the average for the highest average sentences given for kidnapping and hostage taking in 2012. His sentence is more than three (3) and a half times the average sentence for murder.

Based upon the foregoing statistics, the appellant submits that a sentence of 960 months or 80 years is grossly disproportionate to the crimes committed, do constitute cruel and unusual punishment and are in violation of the 8th Amendment to the United States Constitution.

STANDARD OF REVIEW FOR ARGUMENTS II, III, AND IV

The reasonableness of a sentence is reviewed under the abuse of discretion standard regardless of whether the sentence imposed is inside or outside the guideline range. *Gall v. U.S.*, 552 U.S. 38 (2007); *U.S. v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). The mandate of the district court is to "impose a sentence

14

sufficient, but not greater than necessary to comply with the purposes" of

sentencing. Section 18 U.S.C. § 3553(a).  In evaluating challenges to a sentence,

this Court reviews the district court's factual findings for "clear error". *U.S. v.

Alvarado-Perez*, 609 F.3d 609, 612 (4th Cir. 2010)  In *U.S. v. Hudson*, 272 F.3d

260, 263 (4th Cir. 2001) the Court states, "We review the district court's factual

findings for clear error, but if the issue on review 'turns primarily on the legal

interpretation of a guideline term, . . . the standard moves closer to *de novo*

review.'"  Quoting *U.S. v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989)

## ARGUMENT II

The Imposition of a sentence or 960 months or 80 years for a first offense

failed to comply with the objectives of the Federal Sentencing Statute.

Section 18 U.S.C. § 3553(a) sets forth the factors that the district court is

required to address when sentencing any defendant.  § 3553(a) mandates that

district court shall give a sentence that is "sufficient but not greater than necessary"

to accomplish the goals of § 3553.  The Supreme Court set forth in *U.S. v. Booker*,

125 S. Ct. 738 (2005) that the standard by which the district court should sentence

a defendant is one of reasonableness.  *Booker*, 125 S. Ct. at 765, 766.

Section 3553(a), the federal sentencing statute, imposes a number of guides

on sentencing courts that, correctly applied, show that a sentence of 80 years (960

months) in this non-homicide case is unreasonable.

15

18 U.S.C. § 3553(a) provides:

(a)    Factors To Be Considered in Imposing a Sentence.— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    The need for the sentence imposed—

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    and (5) [the sentencing guidelines and policy statements]

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

First, the statute requires imposition of a sentence "sufficient, but not greater than necessary" in every case. It would be difficult to imagine a situation in which a sentence of 80 years (960 months) for a first offender is "not greater than necessary." Despite the serious nature of Mr. Dowell's offense, in order to conclude that 80 years was not greater than necessary, the sentencing court would have to find that 70 years was not enough. It would also have to find that 60 years

16

was not enough, or that 50 years was not enough. In a non-homicide case, this would be difficult to imagine so heinous as to consider a sentence of 80 years (960 months) as reasonable particularly with a defendant of 47 years of age.

*See* Section 3553(a)(2) additionally requires consideration of the need for specific and general deterrence. Research generally has shown that "increases in the certainty of punishment, as opposed to the severity of punishment, are more likely to produce deterrent benefits." Valerie Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, THE SENTENCING PROJECT (Nov. 2010) at 6-7 (hereinafter "Deterrence Study") (noting a study that found that longer prison sentences achieved only a three percent reduction in recidivism).

Several factors undermine the premise that the length of a sentence achieves deterrence. First, would-be offenders often do not act rationally when they commit a crime. They do not engage in a cost-benefit analysis of their actions before deciding whether to proceed. *Id*. at 2. Second, an offender who believes he will not be caught typically is not going to be deterred by the severity of the punishment. *Id*. Third, in situations where an offender does consider the potential sanction for his conduct, he usually underestimates its severity. *Id*. at 3.

It is important to note that although the length of Mr. Dowell's sentence likely will have no effect on general deterrence, the fact that he was sentenced at

all will. According to the Deterrence Study, by arresting, prosecuting, and sentencing Mr. Dowell, the goal of general deterrence has already been achieved, regardless of the length of the sentence.

Section 3553(a)(6) also requires courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For all the reasons that counsel submits that this sentence is constitutionally cruel and unusual, including the data contained in the two charts contained in this brief, this sentence objective is not met, and indeed is undermined, by a sentence of 80 years (960 months), even if such a sentence is technically within the federal sentencing guidelines.

Mr. Dowell's sentence, and sentencing guidelines, were heavily influenced by charging decisions by the government that appear atypical and resulted in a guideline range that was objectively unreasonable. The length of the ensuing sentence demonstrates that the government retains an undue ability to make an unreasonable sentence appear legally reasonable. Two cases contrasting Mr. Dowell's illustrate this point.

In *United States v. Crandon*, 173 F.3d 122 (3d Cir. 1999), the defendant pled guilty to receipt of child pornography, even though he was, by the facts of that case, guilty of production. The facts showed that Crandon contacted a 14 year old,

18

had sexual contact with her, and took pictures of her performing oral sex on him. *Id*. at 125. Later Crandon contacted the girl, picked her up in Minnesota, and began transporting her to his home in New Jersey before he had to abandon his plans because the police were searching for them. *Id*. Crandon received a 78 month sentence and three years of supervised release. *Id*.

In *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010) (en banc), the government charged Irey with one count of production of child pornography. The facts of the case revealed that over a number of years Irey had frequently traveled to Cambodia where he raped more than 50 girls ages four through six, filmed the rapes, and distributed the films. *Id*. at 1220. The district court varied downward, but the court of appeals reversed and directed that a sentence within the guidelines range of 30 years, which was also the statutory maximum, be imposed. *Id.* at 1225.

Although Irey actually did rape children, and there were many more than one, the government in that case allowed Irey to plead to a single count of receipt of child pornography, resulting in guidelines that were one-quarter of what Mr. Dowell faced at sentencing. This disparity was not caused by a variance from the guidelines or a sentencing judge faithfully adhering to the factors in § 3553(a). The disparity results solely from prosecutorial discretion in electing what charges to bring against someone and what terms the government will offer in a plea

agreement. *Crandon* and *Irey* show that the sentences of similar, and more egregious, offenses to Mr. Dowell's vary considerably.

The appellant submits that an effective sentence of life in prison does not constitute a "reasonable" sentence. As is noted above in the table of charges and sentence ranges, with no violence involved and no physical injury to anyone, Mr. Dowell's sentence is simply unreasonable. As a society, we reserve the sentence of life for the most violent and heinous of crimes. The facts of this case simply do not provide the basis for a sentence of life in prison.

ARGUMENT III

Whether the imposition of a 5 point enhancement for U.S.S.G. § 2G2.2(b)(5) and an additional 5 point enhancement under U.S.S.G. § 4B1.5(b)(1) constitutes impermissible double counting under the guidelines?

The Appellant objected to the double counting technique to effectively punish him for the exact same acts for each of the sections. Each section deals with the exact same course of conduct and effectively gives a 10 point enhancement as both deal with the same production counts and transportation count. Therefore, the appellant states that it is impermissible double counting to add both 5 point enhancements.

ARGUMENT IV

Whether the imposition of a 2 point enhancement for a vulnerable victim under § 3A1.1(b)(1) is impermissible when a 4 point enhancement has already been applied under § 2G2.1(b)(1)(A) and a 2 point enhancement has already been applied for Court 13 under Section 2G2.2(b)(2)?

The district court applied a 2 point enhancement on the Sentencing Guidelines under § 3A1.1(b)(1) of the U.S.S.G. and also applied a 4 point enhancement for Counts 1 through 10 under § 2G2.1(b)(1)(A) and a 2 point enhancement for County 13 under § 2G2.2(b)(2). § 2G2.1 covers charges set forth under 18 U.S.C. § 2251 which is the applicable guideline for Production of Child Pornography. § 2G2.2 covers charges under 18 U.S.C. § 2252 which is the applicable guideline for Transportation of Child Pornography. The district court calculated the guidelines using the appropriate enhancement under each of these guidelines. However, the district court went on to apply an additional enhancement under § 3A1.1(b)(1) which is the 2 point enhancement for a "vulnerable victim".

Chapter 3 of the guidelines deals with adjustments and Part A deals with Victim Related enhancements. The Commentary to Chapter 3 Part A sets forth in Application Note 2 when the "Vulnerable Victim" enhancement should not be applied. It reads in pertinent part: "Do not apply subsection (b) if the factor that

21

makes the person a vulnerable victim is incorporated in the offense guideline. For

example, if the offense guideline provides for an enhancement for the age of the

victim, this subsection would not be applied unless the victim is unusually

vulnerable for reasons unrelated to age." Here the district court applied an

enhancement that the guidelines specifically state should not be added.

The district court followed the reasoning in *U.S. v. Jenkins*, 712 F.3d 209

(5th Cir. 2013). In *Jenkins*, the Court ruled that the vulnerable child enhancement

could be applied in cases where the child was very young. *Jenkins* at 213. In

following *Jenkins*, the district court reasoned that there is no reason the

enhancement under § 3A1.1(b)(1) should not be applied where the victim is

especially vulnerable due to infancy or being a toddler.

The appellant states that this reasoning is flawed in one very important way.

In drafting the guidelines, the Sentencing Commission choose ages 12 and under

for apply a 4 point enhancement under § 2G2.1(b)(1)(A) and a 2 point

enhancement under § 2G2.2(b)(2). The Sentencing Commission did specifically

state that the "vulnerable victim" guideline would not apply, thereby eliminating a

double counting of points for the exact same fact. Had the Sentencing

Commission wished to differentiate between a very young child as opposed to a

child 12 and under, it would have made a differentiation in the guidelines to

account for toddlers or infants. The Sentencing Commission made no such

differentiation in that guideline.  All that would have been required is to add an

extra subsection that provided for an additional enhancement for a child under age

5.  It did not create such a subsection.

Instead, the Sentencing Commission specifically put a provision in the

Application Notes stating: "this subsection would be applied **unless the victim is**

**unusually vulnerable for reasons unrelated to age."** U.S.S.G. 3A Application

Note 2 (emphasis added)  In applying the additional 2 points, the district court

rewrote the guidelines provision dealing with younger children.

Therefore, the appellant submits that, had the Sentencing Commission

wished to have a separate vulnerable victim provision for children in the infancy or

toddler state, it would have either added another subsection to § 2G2.1(b)(1)(A)

and § 2G2.2(b)(2) and added the points there or would have changed the

Application Note to state that the enhancement for "Vulnerable Victim" would

apply where the child is under 5 years old.

The appellant submits that the 2 point enhancement under § 3A1.1(b)(1) is

improper and that the district court improperly calculated the guidelines by

applying the enhancement.

CONCLUSION

Based upon the foregoing argument, the Appellant requests that this Court

vacate the sentence of the district court and remand the case for re-sentencing and

remand for a reasonable proportionate sentence.

Respectfully Submitted,

/s/ R. Darren Bostic
Counsel for John Stuart Dowell

R. Darren Bostic
BOSTIC & BOSTIC, PC
409 Virginia Avenue
Harrisonburg, Virginia  22802
(540) 432-1119

*Counsel for Appellant*

REQUEST FOR ORAL ARGUMENT

Counsel for appellant asserts that the issues raised in this brief may be more fully developed through oral argument, and respectfully requests oral argument.

/s/ R. Darren Bostic
Counsel for John Stuart Dowell

CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation of Fed. R. App. P.
       28.1(e)(2) or 32(a)(7)(B) because:

       [ X ] this brief contains [*5,406*] words, excluding the parts of the brief
       exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

       [    ] this brief uses a monospaced typeface and contains [*state the number
       of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P.
       32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P.
       32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

       [ X ] this brief has been prepared in a proportionally spaced typeface using
       [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

       [    ] this brief has been prepared in a monospaced typeface using [*state
       name and version of word processing program*] with [*state number of
       characters per inch and name of type style*].


Dated: <u>November 22, 2013</u>          <u>/s/ R. Darren Bostic</u>
                                         *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 22nd day of November, 2013, I caused this Brief of Appellant and Joint Appendix to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Nancy S. Healey
OFFICE OF THE U.S. ATTORNEY
255 West Main Street, Room 130
Charlottesville, Virginia  22902
(434) 293-4283

*Counsel for Appellee*

I further certify that on this 22nd day of November, 2013, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Sealed Volume of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ R. Darren Bostic
*Counsel for Appellant*